# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INDIANA STATE COUNCIL OF PLASTERERS & CEMENT MASONS PENSION FUND,<br><br>     Plaintiffs,<br><br>v.<br><br>BRENT SOMMERS, HAILEY CRAWFORD, KAYLA REED, SYDNEY WINTER, ESTATE OF TERI SOMMMERS and UNKNOWN DECENDENTS,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No: 1:25-cv-1076<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Plaintiffs, Board of Trustees of the Indiana State Council of Plasterers and Cement Masons Pension Fund (hereinafter Trustees), by their attorneys, Arnold and Kadjan LLP and Donald D. Schwartz, seek a ruling on interpleader and a declaration of the rights, legal obligations and extent of the Indiana State Council of Plasterers and Cement Masons Pension Fund's (hereinafter Pension Fund or Fund) liability with respect to the competing claims of Defendants, BRENT SOMMERS, HAILEY CRAWFORD, KAYLA REED, SYDNEY WINTER, and ESTATE OF TERI SOMMERS, to the benefits payable under the Pension Fund account of Plan Participant, BRENT SOMMERS and alternate payee TERI SOMMERS.

## JURISDICTION AND VENUE

1. Personal and subject matter jurisdiction over this action is based upon 29 U.S.C. § 1132(a)(3), which authorizes ERISA Plan fiduciaries to enforce the terms of the

Plan through an interpleader or declaratory judgment action to determine the extent of the Plan's liability to putative participants and beneficiaries. This action is brought under the procedural devices of a declaratory judgment under 28 U.S.C. § 2201 and interpleader under Federal Rule of Civil Procedure 22.

2. Venue is founded, pursuant to 29 U.S.C. § 1132(e)(2), where the Fund is located.

## THE PLAINTIFFS

3. The Plaintiffs, Trustees, are fiduciaries of the Pension Fund under 29 U.S.C. § 1002(21)(A). Plaintiffs, as Fund fiduciaries, have standing to bring suit to enforce and effectuate the terms of the Fund's Plan by obtaining a ruling on interpleader or declaratory judgment to determine the extent of the Fund's liability under 29 U.S.C. § 1132(a)(3)(B) with respect to competing claims presented by putative Fund claimants.

4. The Pension Fund, of which Plaintiffs are Trustees and Fiduciaries, has been established pursuant to a Trust Agreement entered into between participating employers and participating unions. The Pension Fund is maintained and administered in accordance with and pursuant to Section 302 of the National Labor Relations Act, as amended, 29 U.S.C. § 186, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et. seq.,* and other applicable state and federal law. The Pension Fund is administered in Indianapolis, Indiana by its presently acting Board of Trustees pursuant to the terms and provisions of the Trust Agreement which establishes the Pension Fund.

## THE DEFENDANTS

5. TERI SOMMERS, was born on December 9, 1974 and was the former spouse of Defendant, BRENT SOMMERS.

2

6. TERI SOMMERS, date of death was May 27, 2023. Therefore, this action is brought against the ESTATE OF TERI SOMMERS.

7. BRENT SOMMERS is a Plan Participant in the Pension Fund and was the former spouse of TERI SOMMERS.

8. HAILEY CRAWFORD is the child of BRENT SOMMERS and TERI SOMMERS.

9. KAYLA REED is the child of BRENT SOMMERS and TERI SOMMERS.

10. SYDNEY WINTER is the child of BRENT SOMMERS and TERI SOMMERS.

## THE CLAIM

11. The Pension Fund is a defined contribution pension plan in which Participants have account balances in specific amounts.

12. TERI SOMMERS was listed as the beneficiary for the Pension. (Exhibit A – Beneficiary Card).

13. A divorce decree for the divorce of BRENT SOMMERS and TERI SOMMERS was entered into on or about June 25, 2013.

14. The Fund's files include a qualified domestic relations order ("QDRO") related to BRENT SOMMERS' marriage to TERI SOMMERS, that was entered, on July 31, 2013. (Exhibit B - QDRO)

15. The QDRO recognized TERI SOMMER'S status as an alternate payee to an assigned portion of BRENT SOMMERS' pension under the Pension Fund.

16. Paragraph 8 of the QDRO, entitled "NO REQUIREMENT FOR UNAUTHORIZED BENEFIT OR OPTION," provides, in relevant part: "This award of benefits and Order do not require the Plan to provide any type or form of benefit, or any option, not otherwise provided under the Plan."

17. Paragraph 6 of the QDRO, entitled "AWARD TO ALTERNATE PAYEE," includes the following language:

> In the event that the alternate payee dies before payment to her has been made from the Plan, her benefits shall be paid to the alternate payee's beneficiary(ies) as designated in a form to be provided by the alternate payee to the Plan Administrator in accordance with the Plan procedures or, if no such form is provided, to the alternate payee's representatives as provided for under the terms of the Plan.

18. Federal law requires that the Trustees of the Pension Fund determine whether the Qualified Domestic Relations Order is qualified under applicable law and notify the parties of that determination. 29 U.S.C. §1056(d)(3)(G)(i)(II).

19. A letter dated April 17, 2014, was sent to TERI SOMMERS' attorney, William Janes, on behalf of the Trustees, by the Fund's Administration Office, informing him that the provisions of Paragraph 6 of the QDRO providing for a designation of a beneficiary by the Alternate Payee was not permitted under the Plan. (Exhibit C) Therefore, the Order was accepted under the interpretation that "The Plan will not permit benefits assigned to an alternate payee to be paid to her beneficiary if she dies before her benefits have been distributed to her." It was further noted that: "The Plan's refusal to honor this term is permitted by the first sentence of paragraph 8 (or item 8) of the Order which provides that the Order shall not require the Plan to provide 'any type or form of benefit, or any option, not otherwise provided under the Plan.'"

20. A letter also dated April 17, 2014, was sent to TERI SOMMERS informing her directly that the acceptance of the QDRO was subject to the Plan's refusal to honor the beneficiary designation provision of Paragraph 6 of the QDRO based upon language virtually identical to that contained in the letter of that same date to TERI SOMMERS' attorney. (Exhibit D).

21. Following the approval of the QDRO, under the condition that no right to designate a beneficiary was to be provided to TERI SOMMERS under the Plan, a separate account was established for TERI SOMMERS, pursuant to the QDRO's terms.

22. TERI SOMMERS did not apply or receive a distribution at any time from the separate account that was established under the QDRO.

23. The amount of BRENT SOMMERS' pension account balance assigned to a separate account for TERI SOMMER under the QDRO is currently $155,755.37.

24. When an alternate payee dies prior to receiving a distribution from a separate account established under the Plan pursuant to a QDRO. there is no longer an assignment recognized under federal law, and, pursuant to the Plan and the anti-assignment provisions of the Internal Revenue Code and ERISA, the amount of the assigned benefit is restored to the Participant, BRENT SOMMERS.

25. The Pension Fund believes that there could be potential conflicting claims to TERI SOMMERS account balance in the Fund, as the Estate of TERI SOMMERS or heirs may assert rights to the account balance assigned to TERI SOMMERS under the QDRO.

WHEREFORE, Plaintiffs request the following relief:

A. That Defendants be restrained from instituting any action against Plaintiff for the recovery of the amount of the Pension benefit under the Plan or any part thereof.

B. That Defendants be required to settle between themselves their rights to the money due pursuant to the Pension benefit provision of the Pension Plan.

C. That the Court determine that since TERI SOMMERS died before receiving the pension benefits assigned her as an alternate payee, whether the amounts in TERI SOMMERS' account revert to BRENT SOMMERS as the plan participant or whether they would pass to TERI SOMMERS' estate or any heirs or descendants.

D. That this Court declare the rights of the parties concerning the benefits due with respect to TERI SOMMERS account balance.

E. That this Court grants such further relief as is just and proper.

                                                 BOARD OF TRUSTEES OF THE INDIANA STATE COUNCIL OF PLASTERERS & CEMENT MASONS PENSION FUND

                                          By: /s/Donald D. Schwartz
                                                    One of Their Attorneys

Donald D. Schwartz
Arnold & Kadjan, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
Phone: (312) 236-0415
dds@aandklaw.com